UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN DIME WE TRUST, RLT,

    Plaintiff,

v.                                       CASE NO. 8:21-cv-1967-SDM-AAS

ARMADILLO DISTRIBUTION
ENTERPRISES, INC., et al.,

    Defendants.
_____/

## **ORDER**

A month before his murder in 2004, "Dimebag" Darrell Abbott, lead guitarist of the band Pantera,[1] agreed with Armadillo Distribution Enterprises, operating as Dean Guitars, to endorse a guitar line featuring Abbott's name, image, and likeness. The line included the distinctive "Stealth" and "Razorback" guitar shapes and models such as "Dime Slime," "Dimebag Dean from Hell," and "Dimebag Pantera Cowboys from Hell," respectively shown below. (Doc. 29-3)

  

---

[1] Besides amplifying American heavy metal with pinch harmonics, Pantera (perhaps inadvertently) counsels the legal writer with this lyric from one of the band's typically gritty offerings:

> *Forget the past*
> *Present tense works and lasts.*

Pantera, *A New Level,* on Vulgar Display of Power (Atco Records 1992).

In addition to the models in the Abbott guitar line, Dean Guitars manufactured other models featuring the Stealth and Razorback guitar shapes but not bearing Abbott's name, image, or likeness. (Doc. 122 at 209) Also, Dean Guitars registered a trademark for the "Razorback" guitar shape (but not the "Stealth" guitar shape). (Docs. 29-6, 131)

In 2014, Abbott's estate extended the endorsement agreement, and Dean Guitars continued to manufacture the signature guitar line and to pay royalties to Abbott's estate. (Doc. 122 at 210) Although the 2014 agreement "naturally terminated" in 2017, Dean Guitars continued to manufacture models in the Abbott guitar line and Abbott's estate continued to accept royalties. (Doc. 122 at 90) In May 2020, the assets of Abbott's estate passed to In Dime We Trust, a revocable living trust, which began receiving royalties under the 2014 agreement. (Doc. 29 ¶ 26) After failing in 2021 to negotiate a higher royalty rate, the Trust both sent Dean Guitars a termination letter, which began a six-month "sell-off period" for Dean Guitars, and promptly sued Dean Guitars in the Central District of California. (Doc. 122 at 90–91; Doc. 131 at 5) Despite the termination letter and lawsuit, the Trust continued accepting royalty payments from Dean Guitars until at least May 2022. (Doc. 122 at 95)

The Trust sues (Doc. 29) Dean Guitars (formally, Armadillo Distribution Enterprises, Inc.) and Concordia Investment Partners, LLC, (an intellectual property holding company for Dean Guitars). The Trust claims, among other business torts and other claims (Counts V–X), breach of the 2014 agreement (Count I) and

violation of the Trust's right to intellectual property in the "Razorback" and "Stealth" guitar shapes (Counts II–IV). The defendants move (Doc. 33) to dismiss and the Trust moves (Doc. 46) for a preliminary injunction. An order refers each for a report and recommendation.

The first report and recommendation (Doc. 129) correctly concludes — and the Trust appears to acknowledge[2] — that the complaint constitutes a shotgun pleading because, among other things, each count of the complaint incorporates by reference "each allegation set forth above as if set forth fully herein." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015). Because a shotgun pleading is "altogether unacceptable" under *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997), the amended complaint warrants dismissal with leave to amend.

Count VI and Count VII, however, warrant dismissal with prejudice. The report correctly concludes that the claim for "right of publicity" (Count VI) warrants dismissal with prejudice because the Trust cannot demonstrate "written authorization" under Section 5480.08(c) to use Abbott's name, image, or likeness. Objecting to the report (Doc. 132 at 7), the Trust "believes that it can show" that Abbott authorized GetchaPull, Inc. — wholly owned by the Trust — to license Abbott's likeness for commercial use. But even if the Trust shows that GetchaPull received written authorization, the Trust presents no basis to pursue this claim on behalf of

---

[2] In its objection to the motion-to-dismiss report, "the Trust agrees that it can plead at least Counts II-X with more specificity and respectfully requests . . . an opportunity to amend the Complaint as to ALL causes of action[.]" (Doc. 132 at 9)

GetchaPull, a non-party.[3]  Thus, Count VI (asserted by the Trust, the only plaintiff) warrants dismissal with prejudice.

Further, the report correctly concludes that the claim for unfair competition under Florida common law (Count VII) warrants dismissal with prejudice because the Trust fails to plausibly allege that Dean Guitars and the Trust are competitors, that is, that the Trust and Dean Guitars seek the same business from third parties. *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990) (requiring conduct by a "competitor" to establish an unfair competition claim under Florida law); Julian O. von Kalinowski, *Section 7 and Competitive Effects*, 48 Va. L. Rev. 827, 832–33 (1962) ("The essence of competition is rivalry.  Competitors may seek to divert business from other firms in many ways.").

The Trust objects (Doc. 131) to the second report and recommendation (Doc. 130).  But a *de novo* review of the record and of the second report and recommendation demonstrates that the preliminary injunction warrants denial.  The claim for breach of contract (Count I) fails to support a preliminary injunction because a breach of contract rarely (and not in this instance) threatens irreparable harm.  And the claims for infringement of the Trust's intellectual property rights (Counts II–IV) fail to support a preliminary injunction because the Trust fails to show by a substantial likelihood that the Trust owns the trade dress rights to the Razorback and Stealth

---

[3] The report's (Doc. 129 at 10) conclusion that the Trust is the real party in interest under Rule 17, Federal Rules of Civil Procedure, only applies to the extent that the Trust is asserting its own legal right and not the legal right of another entity. Thus, if the Trust shows that GetchaPull is the actual right holder, the Trust cannot then assert a legal right on GetchaPull's behalf.

guitar shapes or that Dean Guitars infringes any intellectual property owned by the Trust.[4] For the reasons explained by the report and recommendation, the remaining claims fail to support a preliminary injunction. Additionally, for the reasons explained by the report and recommendation, neither the balance of the equities nor the public interest supports a preliminary injunction.[5]

The Trust's objections are **OVERRULED**, and the magistrate judge's reports and recommendations (Docs. 129, 130) are **ADOPTED**. The motion (Doc. 33) to dismiss the first amended complaint is **GRANTED**. Counts VI and VII are **DISMISSED WITH PREJUDICE**. The balance of the complaint is **DISMISSED WITHOUT PREJUDICE**. The motion (Doc. 46) for a preliminary injunction is **DENIED**. The Trust may amend the complaint not later than **OCTOBER 4, 2022**.

Also, in a motion (Doc. 139) designated "time sensitive," the Trust requests "that all Defendants' arguments regarding standing and jurisdiction [within the responses (Docs. 137, 138) to plaintiff's objections] be stricken" because of the defendants' failure to object to the reports and recommendations (Docs. 129, 130). Because this order adopts the reports and recommendations, any objection, including any

---

[4] In an attachment (Doc. 135-1) to a response objecting to an extension of time and in a "notice" (Doc. 133) filed over two months after the hearing on the motion for the preliminary injunction, the Trust submits for "judicial notice" unauthorized exhibits purporting to show that independent retailers continue to sell used Dean Guitars from the Abbott line and that the Amazon marketplace for Dean Guitars continues to bear Abbott's name, image, and likeness. The trust's attempt to submit new evidence after resting at the preliminary injunction hearing is rejected. Regardless, the exhibit fails to establish a substantial likelihood of success on the merits.

[5] The Trust asserts—without support—that "the public interest is always served by avoiding confusion in the marketplace." (Doc. 131 at 22) But the Trust fails to show any plan or agreement to market similar (or any) guitars. Thus, a preliminary injunction would harm the public interest by removing certain designs from the market and by restraining commerce.

untimely objection the defendants might have proffered, is overruled, and the plaintiff's motion (Doc. 139) is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on September 23, 2022.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE