UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN DIME WE TRUST, RLT,**

    **Plaintiff,**

v.                                           **Case No. 8:21-cv-1967-SDM-AAS**

**ARMADILLO DISTRIBUTION
ENTERPRISES, INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

Defendants Armadillo Distribution Enterprises, Inc. and Concordia Investment Partners, LLC (collectively, the defendants) move for leave to file under seal Exhibits 1 and 2 to the Declaration of Ronald S. Bienstock attached to the defendants' motion to dismiss. (Doc. 164). The plaintiff does not oppose the motion. (*Id.* at p. 6).

The public has a common-law right of access to judicial proceedings, which includes the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). But the right to inspect is not absolute. In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

1

    (1)    whether allowing access would impair court functions or harm legitimate privacy interests;

    (2)    the degree and likelihood of injury if made public;

    (3)    the reliability of the information;

    (4)    whether there will be an opportunity to respond to the information;

    (5)    whether the information concerns public officials or public concerns; and

    (6)    the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

First, allowing public access to the exhibits at issue would harm legitimate privacy interests. The defendants have a legitimate interest in protecting the royalty and pricing information that is confidential and proprietary.[1] If the exhibits were made public, the defendants would be at a competitive disadvantage.

The exhibits at issue are also referenced by all parties, and a dispute likely will not arise about the reliability or authenticity of these documents. The plaintiff can respond to the exhibits and do not object to this motion to seal. Finally, the information in the exhibits does not concern public officials

---

[1] A party's interest in the privacy of its financial records and the terms of confidential agreements often outweighs the public's right of access. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 3:10-cv-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).

or public concerns. Therefore, the factors support sealing the exhibits.

Accordingly, the defendants' motion to seal Exhibits 1 and 2 to the Declaration of Ronald S. Bienstock attached to the defendants' motion to dismiss (Doc. 164) is **GRANTED**. Absent a future order to the contrary after notice to the parties, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted.

**ORDERED** in Tampa, Florida on February 22, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge