UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN DIME WE TRUST, RLT,**

    **Plaintiff,**

v.                                        **Case No. 8:21-cv-1967-SDM-AAS**

**ARMADILLO DISTRIBUTION
ENTERPRISES, INC., et al.,**

    **Defendants.**
_____/

**ORDER**

Plaintiff In Dime We Trust, RLT, moves for leave to file under seal Exhibits A-D to the Declaration of Rita Haney in Support of Motion for Partial Summary Judgment attached to its Motion for Partial Summary Judgment. (Doc. 191). Defendants Armadillo Distribution Enterprises, Inc. and Concordia Investment Partners, LLC (collectively, the defendants) do not oppose the motion. (*Id.* at p. 6).

The public has a common-law right of access to judicial proceedings, which includes the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). But the right to inspect is not absolute. In balancing a party's interest in keeping the information confidential against the

public interest in accessing court documents, the court considers these factors:

    (1)    whether allowing access would impair court functions or harm legitimate privacy interests;

    (2)    the degree and likelihood of injury if made public;

    (3)    the reliability of the information;

    (4)    whether there will be an opportunity to respond to the information;

    (5)    whether the information concerns public officials or public concerns; and

    (6)    the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

First, allowing public access to the exhibits at issue would harm legitimate privacy interests. The parties have a legitimate interest in protecting the royalty and pricing information that is confidential and proprietary.[1] If the exhibits were made public, interested persons could access this competitively sensitive information and use it to the plaintiff's detriment if negotiating similar agreements with the plaintiff.

The exhibits at issue are also referenced by all parties throughout this

---

[1] A party's interest in the privacy of its financial records and the terms of confidential agreements often outweighs the public's right of access. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).

litigation, and a dispute likely will not arise about the reliability or authenticity of these documents. The defendants also treat these documents as confidential and do not object to this motion to seal. Finally, the information in the exhibits does not concern public officials or public concerns. Therefore, the factors support sealing the exhibits.

Accordingly, the plaintiff's motion for leave to file under seal Exhibits A-D to the Declaration of Rita Haney in Support of Motion for Partial Summary Judgment attached to its Motion for Partial Summary Judgment (Doc. 191) is **GRANTED**. This seal expires ninety days after the case is closed and all appeals are exhausted.

**ORDERED** in Tampa, Florida on February 20, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge