UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN DIME WE TRUST, RLT,

    Plaintiff,
v.                                              Case No. 8:21-cv-1967-SDM-AAS

ARMADILLO DISTRIBUTION
ENTERPRISES, INC., et al.,

    Defendants.
_____/

## ORDER

Defendants Armadillo Distribution Enterprises, Inc. (Armadillo) and Concordia Investment Partners, LLC (collectively, the defendants) move for leave to file under seal certain exhibits utilized in their Opposition to Plaintiff In Dime We Trust, RLT's (Dime) Motion for Partial Summary Judgment and in support of the defendants' Motion to Defer Plaintiff's Premature Motion for Summary Judgment. (Docs. 199, 201). In addition, Dime moves for leave to file under seal the April 20, 2009, License/Settlement Agreement, between Dean Zelinsky and Armadillo Distribution Enterprises, Inc., and its affiliates, utilized in Opposition to Defendants' Motion for Leave to Amend and File Third Party Complaint (the Agreement). (Doc. 203). The motions are unopposed. (Doc. 199, p. 5; Doc. 201, p. 5; Doc. 203, p. 6).

1

The defendants request to file under seal these documents referenced in opposition to Dime's motion for summary judgment: (1) an Endorsement Agreement, executed on or around November 11, 2004, between Armadillo and Darrell Lance Abbott; (2) an Endorsement Agreement, executed in or around April 2014, between Armadillo and the Estate of Darrell Abbott; (3) Royalty Payments made by Armadillo; and (4) the License/Settlement Agreement between Armadillo and Dean Barrett Zelinsky. (Doc. 199, p. 2). The defendants and the plaintiff also request to file the Agreement under seal. (Doc. 201, p. 2; Doc. 203, p. 2).

The public has a common-law right of access to judicial proceedings, which includes the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). But the right to inspect is not absolute. In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

(1) whether allowing access would impair court functions or harm legitimate privacy interests;

(2) the degree and likelihood of injury if made public;

(3) the reliability of the information;

(4) whether there will be an opportunity to respond to the information;

2

(5) whether the information concerns public officials or public concerns; and

(6) the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

First, allowing public access to the documents at issue would harm legitimate privacy interests. The parties have a legitimate interest in protecting the royalty and pricing information that is confidential and proprietary.[1] If the documents were made public, interested persons could access this competitively sensitive information.

The documents at issue also are referenced by all parties throughout this litigation, and a dispute likely will not arise about the reliability or authenticity of these documents. Neither party objects to these motions to seal. Finally, the information in the documents does not concern public officials or public concerns.

Accordingly, the motions for leave to file the above listed documents under seal in support of the parties' respective motions and oppositions (Docs. 199, 201, 203) are **GRANTED**. This seal expires ninety days after the case is

---

[1] A party's interest in the privacy of its financial records and the terms of confidential agreements often outweighs the public's right of access. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).

3

closed and all appeals are exhausted.

**ORDERED** in Tampa, Florida on March 26, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge