UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN DIME WE TRUST, RLT, et al.,**

    **Plaintiffs,**

v.                                                                 **Case No. 8:21-cv-1967-SDM-AAS**

**ARMADILLO DISTRIBUTION
ENTERPRISES, INC., et al.,**

    **Defendants.**
_____/

**ORDER**

    Plaintiffs In Dime We Trust, RLT, the Estate of Darrell Abbott, and GetchaPull Incorporated (collectively, the plaintiffs) move for leave to file Exhibits 2 and 3 to the Declaration of Jennifer Hamilton in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment under seal. (Doc. 259). Defendants Armadillo Distribution Enterprises, Inc. d.b.a. Dean Guitars and Concordia Investment Partners, LLC (collectively, the defendants) do not oppose the motion. (*Id.,* p. 7).

    The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib.. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a

showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Exhibits 2 and 3 reveal certain royalty and pricing information and internal private information of the plaintiffs and third parties. If the Exhibits were made public, interested persons would be able to determine the royalty, pricing, and other information contained in the documents. Public dissemination of this information would harm the plaintiffs. "A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access." *Loc. Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2016 WL 374948, at *1 (M.D. Fla. Feb. 1, 2016); *see also Sesame Workshop v. SeaWorld Parks & Ent., Inc.*, No. 6:23-cv-1507-PGB-EJK, 2023 WL 6161784, at *2 (M.D. Fla. Sept. 21, 2023) (collecting cases and permitting sealing of records showing pricing and related data, company's approach to licensing intellectual property, valuation of intellectual property, and "other confidential proprietary information"); *Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information about the party's business operations and confidential and competitively sensitive information).

Accordingly, the plaintiff's motion to file Exhibits 2 and 3 to the Declaration of Jennifer Hamilton in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Doc. 259) is **GRANTED**.[1] Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. *Id.*

**ORDERED** in Tampa, Florida, on July 22, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The court notes that an exhibit sealed in relation to a motion does not automatically remain sealed for the purpose of trial. Courts exercise discretion in determining whether sealed exhibits should remain confidential during trial. In *F.T.C. v. AbbVie Products LLC*, the court unsealed previously sealed documents after comparing the parties' interests and determining that the sensitivity of the information had diminished over time. 713 F.3d 54, 71 (2013).

3